**YONG ZHENG, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General, Respondents.**

No. 06–3197–ag.

United States Court of Appeals, Second Circuit.

March 2, 2007.

---

1. The record does not explain why the BIA never responded to this first motion to reissue.

David X. Feng, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Cindy S. Ferrier, Senior Litigation Counsel, Keith I. McManus, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yong Zheng, a native and citizen of the People's Republic of China, seeks review of a June 13, 2006 order of the BIA affirming the November 23, 2004 decision of Immigration Judge ("IJ") Noel Ferris denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yong Zheng*, No. A76 505 810 (B.I.A. June 13, 2006), *aff'g* No. A76 505 810 (Immig. Ct. N.Y. City Nov. 23, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues a brief decision dismissing the alien's challenge to the IJ's decision, we review the reasoning of both the IJ and BIA. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006); *Yu Yin Yang v. Gonzales*, 431 F.3d

84, 85 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

 Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." Zheng did not appeal the IJ's denial of his withholding of removal or CAT claims in his brief to the BIA, as the statute requires, and those claims are therefore dismissed for lack of jurisdiction. *See Karaj v. Gonzales,* 462 F.3d 113, 119–20 & n. 3 (2d Cir.2006).

With regard to his asylum claim, the only issue Zheng raised in his one-page brief to the BIA was whether the IJ "improperly weighed the evidence and testimony adduced at trial," but he failed to state the relevant law or identify any error in the IJ's analysis. His failure to make any meaningful argument to the BIA in support of his asylum claim bars our own consideration of that claim. *See id.* at 119 & n. 2.

Moreover, even assuming, hypothetically, that we could address the challenges that Zheng now raises to the IJ's adverse credibility finding, we would deny those challenges on the merits. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 n. 2 (2d Cir.2006). The IJ appropriately based her decision on material testimonial inconsistencies, Zheng's evasive demeanor, and his failure to lay a foundation for the documents he submitted or adequately explain the absence of more probative corroboration.

For the foregoing reasons, the petition for review is DISMISSED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).